IN THE MATTER OF JOHN J. BRACKEN, JR.

Submitted June 4, 1946—Decided June 18, 1946.

Before Justices PARKER, DONGES and OLIPHANT.

For the applicant, *John J. Bracken, Jr., in propria persona.*

PER CURIAM.

Petitioner makes application on his own behalf for relaxation of the rule requiring service for three years as an attorney to qualify one for examination for admission as counsellor-at-law.

Petitioner took the examination for attorneys in April, 1942, and passed it, but was not sworn in as an attorney. He had not completed his clerkship when the examination was held. This was waived and he was permitted to take the examination upon condition that he complete the clerkship requirement before being sworn in. From June, 1942, to March, 1946, he was in the military service on detail in certain legal matters. On May 11th, 1945, he was sworn in as an attorney-at-law, being given credit for clerkship by his service in the army. He now desires to take the counsellor's examination in April, 1947, less than two years after being sworn in as an attorney.

It does not appear that he was not in position to be sworn in as an attorney upon the termination of the time required to elapse to complete his clerkship. The rule gives credit to

an *attorney* for the "time spent in service in the armed forces." But to qualify for a counsellor's examination, three years must elapse between the time one becomes a qualified attorney and the counsellor's examination. Following precedent, if petitioner were permitted to take the examination in April, 1947, and were successful, he could not be sworn in as a counsellor-at-law until three years from the time he became an attorney-at-law, namely, May 11th, 1945. He would be entitled to credit for the time after May, 1945, he was in the military service. This is the practice followed in cases where the examination for attorney is permitted to be taken before completion of clerkship.

We conclude that no meritorious reason appears for departing from the settled practice established by the rules of this court, and the application is accordingly denied.